Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9911 | **DATE** | ½/2002 |
| **CASE TITLE** | Kim Polonczyk vs. Marilyn Polonczyk | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, from whatever perspective or direction Poloczyk's attempt to state his claims may be approached, this Court lacks subject matter jurisdiction. And that being so, it sua sponte dismissed both the Complaint and this action. That in turn calls for the denial of both the Application and the Motion on mootness grounds, and this Court so orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 0 3 2002 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/2/2002 date mailed notice | |
| SN | courtroom deputy's initials | 02 JAN -2 PH 5: 12 Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIM POLONCZYK,            )
                          )
           Plaintiff,     )
                          )
      v.                  )   No. 01 C 9911
                          )
MARILYN POLONCZYK, et al.,)
                          )
           Defendants.    )

MEMORANDUM OPINION AND ORDER

Kim Polonczyk ("Polonczyk") has tendered a self-prepared Complaint charging a massive conspiracy (he lists no fewer than 31 co-conspirators[1]) stemming from a long-standing and bitter marital dispute with his ex-wife Marilyn.[2] Polonczyk has accompanied his Complaint in part with an Application to Proceed Without Prepayment of Fees ("Application") and a Motion for Appointment of Counsel ("Motion"), although the latter form has left blank the most important item of information for which it calls (a statement as to what attempts Polonczyk has made to retain counsel to represent him in this action). For the reasons stated in this memorandum opinion and order, this action must be

---

[1] Those include the State of Illinois, its Department of Children and Family Services, an Illinois Circuit Court, an Illinois County, four Illinois judges, two Illinois municipalities and their police departments, 11 lawyers and three doctors in addition to Polonczyk's ex-wife and other individuals said to be personally involved with her.

[2] Polonczyk v. Polonczyk, the still hotly-contested proceeding in the Circuit Court of the Eighteenth Judicial Circuit (DuPage County, Illinois), carries an 85 D 1866 case number.

dismissed at the threshold (thus mooting both the Application and the Motion).

Polonczyk, like all too many nonlawyers who seek to come to the federal courts without the advice of counsel, obviously labors under the mistaken notion that the federal court system provides a universal forum for the righting of perceived wrongs. Not so--federal courts are instead courts of limited jurisdiction, authorized to entertain only such disputes as Congress designates. Here Polonczyk's only potential tickets of entry through the federal courthouse door are (1) a federal-question civil rights action under 42 U.S.C. §1983 ("Section 1983") and (2) a diversity of citizenship action.[3]

Much of what Polonczyk alleges is outlawed by time, either under the two-year statute of limitations that applies to Illinois-based deprivations of constitutional rights actionable under Section 1983 or under whatever limitations period might apply to the rubric under which any still viable portions of Polonczyk's amorphous state law claims might properly be placed. Some idea of the sad account relating the prolonged course of events that Polonczyk has described in his Complaint may be gained from the caption that Polonczyk has placed on that

---

[3] In the latter respect, even though Polonczyk has not done a proper job of identifying the citizenship of all parties or the existence of the requisite amount in controversy, it will be assumed solely for purposes of argument that he might be able to cure those omissions.

2

pleading: "Cause of Action Civil Conspiracy To Deny a Father His Constitutional Right to a Family and Pursuit of Happiness and To Hold Him in Marital Bondage and To Unjustly and Unfairly Take Advantage of the Disabled and To Hold a Person in Bondage After Emancipation."

But even leaving aside any such questions of timeliness, no aspect of what Polonczyk has alleged that is not barred by limitations comes within this federal court's jurisdiction. There are two basic reasons that are expressly confirmed not only by the Complaint itself but also by the remedies that Polonczyk currently seeks here (to avoid any possible mischaracterization, this Court has attached a photocopy of his contemporaneously filed Petition):

> 1. Because Polonczyk views the state court as "biased" and "vengeful," he asks this Court to grant an emergency hearing to vacate judgments of that court ordering him to pay child support and attorneys' fees. But because Polonczyk's asserted grievances in those respects unquestionably stem from judgments rendered by the Illinois state court system, the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)) prohibits the review of such state court decisions by a federal district court, in principal part because 28 U.S.C.

3

§1257 gives the United States Supreme Court the sole federal jurisdiction to review state court judgments.

2. To the extent that Polonczyk asks this Court "to grant emergency visitation of the minor child" (and indeed as to his entire attack on the proceedings in his marital dispute), he also runs afoul of the long-standing judicially created exception that keeps federal courts out of the area of disputes involving the relationships between husband and wife and parent and child (see the extended discussion in 13B Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure: Jurisdiction 2d §3609 (2d ed. 1984 and 2001 pocket part). Indeed, it is noteworthy that the congressional concerns about conflicting rulings in child custody and child support cases because the parents can reside in different states has led Congress to enact 28 U.S.C. §§1738A and 1738B, which set detailed rules for the state court systems (a specialized application of the principles underpinning the Full Faith and Credit Clause and its implementation in 28 U.S.C. §1738)--with nary a whisper as to any federal court jurisdiction.

In summary, from whatever perspective or direction Polonczyk's attempt to state his claims may be approached, this Court lacks subject matter jurisdiction. And that being so, it

sua sponte dismisses both the Complaint and this action.[4] That in turn calls for the denial of both the Application and the Motion on mootness grounds, and this Court so orders.

                                                            */s/ William D. Shadur*  
                                                   Milton I. Shadur  
                                                   Senior United States District Judge

Date: January 2, 2002

---

[4] It would have been possible to dispatch many of the defendants on grounds separately applicable to them--for example, the State of Illinois on Eleventh Amendment grounds, the judicial defendants on grounds of absolute immunity, and so on. But any such individualized considerations would only have lengthened this opinion unduly, given the fundamental jurisdictional flaws that doom the entire lawsuit.

**JUDGES COPY**

**RECEIVED**

DEC 27 2001

MILTON I. SHADUR
SENIOR U.S. DISTRICT JUDGE



MAGISTRATE JUDGE LE[V]

UNITED STATES FEDERAL COURT

Northern District, Chicago Illinois

01C 9911

| | |
|---|---|
| Kim Polonczyk, | |
| Plaintiff, | |
| vs. | Illinois case numbers<br>Case No.: No. 85 D 1866<br>(18th judicial circuit DuPage County) |
| Marilyn Graham (Polonczyk), | |
| Defendant | |

**Petition for emergency hearing to vacate 12-19-01 judgments and prevent any further adverse action**

--------------------

**Petition to grant emergency visitation of the minor child**

--------------------

Now Comes the Plaintiff Kim Anthony Polonczyk in pro-se representation imploring the Federal Courts to hear this case on the emergency motion. The 18th judicial circuit court of DuPage County is still proving their biased actions and taking vengeful action against the plaintiff.

1) **THAT** all incidental introductory statements are included in the document entitled CAUSE OF ACTION CIVIL CONSPIRACY.

1

2)      **THAT** all incidental introductory statements are affirmed and are part of this document.

3)      **THAT** the court forced the plaintiff out of work and to poverty.

4)      **THAT** the court refused to hear the plaintiffs pleadings to abate child support.

5)      **THAT** the Honorable Judge Elsner is holding the plaintiff responsible for child support payments while the plaintiff is not working.

6)      **THAT** the court is aware the plaintiff is not working.

7)      **THAT** the courts plan to restrict the plaintiff from visitation with his daughter included driving the plaintiff to poverty.

8)      **THAT** the defendant's attorney filed a petition to collect attorney fees from the plaintiff, which was heard on December 18th 2001.

9)      **THAT** the Honorable Judge Elsner granted these attorney fees to the defendant's attorney.

10)     **THAT** the defendant's attorney first pursued driving the plaintiff to poverty with a claim that supervised visitation was required of the plaintiff.

11)     **THAT** there was no such current order requiring supervised visitation.

12) **THAT** the defendant's attorney pursued this supervised visitation and driving of the plaintiff to poverty and out of a job.

13) **THAT** despite the plaintiff's unemployment the court granted a judgment for the attorney fees.

14) **THAT** the court has in the past practiced taking possession of the plaintiff's property to secure evidence of the robbery committed by the defendant.

*NOW COMES THE PLAINTIFF KIM A. POLONCZYK ASKING THE FEDERAL COURT TO:*

    *A. VACATE THE DECEMBER 18TH JUDGMENT FOR ATTORNEY FEES.*

    *B. VACATE THE DECEMBER 18TH JUDGMENT TO PAY CHILD SUPPORT.*

    *C. ORDER THE VISITATION OF THE MINOR CHILD TO COMMENCE IMMEDIATELY.*

    *D. REQUIRE THE DEFENDANT TO PAY FOR THE REHABILITATION FOR THE CONSTRUCTION OF A NEW FATHER DAUGHTER RELATIONSHIP TO REPLACE THE ONE DESTROYED BY THE DEFENDANT AND THE COURT.*

    *E. ORDER THE 18TH JUDICIAL CIRCUIT COURT TO EXPLAIN TO THE MINOR CHILD WHAT ORDER WAS IN EFFECT WHILE THE PLAINTIFF WAS PURSUING HIS REHABILITATION SCHEDULE.*

    *F. ORDER THE 18TH JUDICIAL CIRCUIT AND ANY ENTITIES INCLUDED IN THE LIST OF CONSPIRATORS TO NOT TAKE ANY ADVERSE ACTION AGAINST THE PLAINTIFF.*

Dated this 24TH day of December 2001

BY: _____

PRO-SE Kim Anthony Polonczyk
609 Bridgewood Circle, #618
Fort Worth, Texas 76112
(817) 654-2167